UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

24-cv-81190-RLR

MAYBELL, MONIQUE and HARDEN, GREGG;

Plaintiffs,

-vs-

CITY OF WEST PALM BEACH;

WEST PALM BEACH POLICE DEPARTMENT;

in their official capacity;

Defendants.

FILED BY_____D.C.

SEP 27 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

- Amended Complaint Pursuant to Court Order and Federal Rules of Civil Procedure:

- This Complaint is submitted pursuant to the Court's Order dated September 17, 2024, which granted Plaintiffs leave to file a new complaint following the dismissal of the prior action without prejudice. This action is brought under 42 U.S.C. § 1983, asserting violations of the Plaintiffs' constitutional rights.

- NOW COMES the Plaintiffs, Monique Maybell and Gregg Harden, who respectfully submit this amended complaint against the Defendants:

- CITY OF WEST PALM BEACH;
- WEST PALM BEACH POLICE DEPARTMENT.

- Plaintiff avers that this action arises under 42 U.S.C. § 1983, with the facts supporting this complaint as follows:

- WHEREAS, the Plaintiff previously filed a complaint on September 16, 2024, within the statutory period, as the statute of limitations for this action expired on September 19, 2024.

- Due to procedural issues, the prior action was dismissed, and Plaintiff now files this amended complaint in good faith, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, seeking to relate back to the original filing date.

- Plaintiffs bring this action under 42 U.S.C. § 1983, asserting that Defendants, acting under color of state law, violated their rights under the Fourth and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiffs allege deprivation

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

of their rights to be free from unreasonable searches and seizures, due process, and equal protection under the law.

- These violations reflect breaches of the Fourth Amendment, the Fourteenth Amendment, and Florida State Statute 876.05, which mandates that law enforcement uphold constitutional principles.

- In addition, Plaintiffs assert state law claims under Florida Statutes § 112.1903, relating to the conduct of law enforcement officers, and Florida Statutes § 933.102, governing the requirements and limitations for no-knock search warrants within the state of Florida.

A. NATURE OF THE ACTION

- This is a civil rights action brought under 42 U.S.C. § 1983, alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as applicable to the states through the Fourteenth Amendment. Plaintiffs seek redress for unlawful acts committed by Defendants under color of state law, including unreasonable searches and seizures, violations of privacy, and deprivation of due process.

- Plaintiffs assert that Defendants' actions unlawfully infringed on their constitutional rights to religious freedom, privacy, and protection from unreasonable searches, while disregarding the sanctity of their home, mental health, and personal liberty.

B. PARTIES

1. Plaintiff Monique Maybell is a resident of the State of Florida, residing at 803 2nd Street, West Palm Beach, Florida, 33401, which is within this Court's jurisdiction. Maybell was a tenant-owner of the aforementioned address from July 15, 2021, to September 30, 2022,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

and asserts membership in a protected class, which includes characteristics defined by federal anti-discrimination statutes.

2. Plaintiff Gregg Harden is a resident of the State of Florida, residing at 904 15th Street, West Palm Beach, Florida, 33401, also within this Court's jurisdiction. Harden similarly claims membership in a protected class as delineated by federal law.

3. Defendant West Palm Beach Police Department is a municipal entity located at 600 Banyan Blvd, West Palm Beach, FL 33401. At all relevant times, the West Palm Beach Police Department has acted as the primary law enforcement authority for the City of West Palm Beach, a political subdivision of the State of Florida, with its municipal administrative offices situated at 401 Clematis Street, PO Box 3366, West Palm Beach, Florida, 33401.

4. Specific Actions: During the events leading to this lawsuit, officers of the West Palm Beach Police Department, including but not limited to Officers Ryan Hanford and others, engaged in unlawful conduct by entering Plaintiffs' secured residence without a warrant, probable cause, or exigent circumstances. Their actions included the use of excessive force, pointing firearms at the Plaintiffs, and unlawfully detaining Plaintiff Gregg Harden for 18 days without legal justification. These actions are asserted to have violated the constitutional rights of the Plaintiffs under 42 U.S.C. § 1983.

C. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the U.S. Constitution and federal law, specifically 42 U.S.C. § 1983, and 28 U.S.C. § 1343(a) (3) for civil rights violations. The Court also has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise
to the claims occurred in this district, and the Defendants, including the City of West
Palm Beach, reside or are situated here.

7.   Defendant City of West Palm Beach, with its principal address at WPB City Hall, 401
Clematis Street, West Palm Beach, FL 33401, is a political subdivision of the State of
Florida and is subject to suit under 42 U.S.C. § 1983 for actions taken under color of state
law that violated Plaintiffs' constitutional rights.

D.  PRELIMINARY FACTUAL STATEMENT

Basic Information statement:

8.  On  September 19, 2022, between 2200 and 0700 hours, at 803 2nd Street, West Palm
Beach, Palm Beach County, Florida 33401, plaintiffs Maybell and Harden, along with
defendant Anjali Bryant, were present when police officers, acting under color of state
law, attempted to enter the residence.

9.  The officers attempted entry without a search warrant, exigent circumstances, probable
cause, or reasonable suspicion, despite being aware for five hours that they lacked legal
authorization.

10. The officers, in violation of standard procedures, initially sought a key but ultimately
used a pry bar to force entry into the residence. This conduct was unreasonable and
constituted a violation of the plaintiffs' Fourth Amendment rights.

11. Maybell held a tenant-owner interest in the property at 803 2nd Street from July 15,
2021, until September 30, 2022, and Harden was a visitor at the time of the incident.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Violation of Fourth Amendment Rights statement:

Unlawful Entry:

12. On September 19, 2022, Police Defendants, Ryan Hanford #2274 and '[others]' under color of state law, unlawfully entered Plaintiffs' secured residence at 803 2nd Street, West Palm Beach, Florida 33401. This entry occurred without a search warrant and was done despite repeated refusals from the Plaintiffs to grant consent.

Prolonged Awareness:

13. The Police Defendants were aware for approximately five hours that they did not have a search warrant. During this time, they also sought a key from a third party to gain unauthorized access.

Forced Entry:

14. The forced entry was conducted using a pry bar, absent exigent circumstances, probable cause, or reasonable suspicion. The facts outline that no threat to officer safety, destruction of evidence, or any other legal justification existed at the time.

Communication between Plaintiffs and Police Defendants:

Lack of Observation:

15. The Police-Defendants and Minor-Defendant did not observe the Plaintiffs entering the residence directly or independently.

Communication through Minor-Defendant:

16. On two occasions, Maybell instructed the Minor-Defendant to recall her travel from Tampa to West Palm Beach. The Minor-Defendant communicated this information to Police-Defendants.

Transport of Minor-Defendant:

17. On the morning of September 19, 2022, the Minor-Defendant was transported from Tampa Florida to West Palm Beach Florida and, met Police-Defendants, and they all arrived at the principal address.

Plaintiffs' Refusal to Consent:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

18. Plaintiffs consistently and expressly refused consent to entry into the home for approximately five hours. Despite this, Police Defendants attempted to secure a key from a third party to gain access.

Lack of Communication:

19. The Plaintiffs did not engage in any communication with the Police Defendants during the surveillance before the forced entry.

State-Created Danger statement:

20. On September 19, 2022, between 2200 and 0700, Police Defendants, acting under state authority, unlawfully entered Plaintiffs' home at 803 2nd Street, West Palm Beach, Florida, without a warrant.

21. For approximately five hours, Police Defendants conducted surveillance on the home, despite knowing they lacked a search warrant and that Plaintiffs repeatedly refused consent to entry.

22. During this time, Police Defendants attempted to gain access by seeking a key from a third party and attempting to enter through the windows, including twice using Minor-Defendant as a ploy.

23. Police Defendants refused to leave, made repetitive police announcements, flashed lights into the home, and failed in their duty to intervene or deescalate the situation.

24. Ultimately, Police Defendants forced entry into the secured home using a pry bar, without exigent circumstances, probable cause, or any legal justification, including no threat to officer safety, no destruction of evidence, no imminent harm, and no attempt by Plaintiffs to escape.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

25. Upon entry, Police Defendants recklessly pointed firearms at Plaintiffs, used improper threats of intimidation, applied pressure points to Plaintiff Harden, and handcuffed both Plaintiffs, including Maybell.

26. The actions of the Police Defendants were objectively unreasonable, escalating the encounter and creating a heightened risk of physical and emotional harm to Plaintiffs.

27. These actions constituted a state-created danger, directly resulting from the reckless conduct of the multiple officers present and the unnecessary escalation of force.

28. The Plaintiffs suffered severe emotional distress, physical harm, and loss of liberty as a direct result of Police Defendants' deliberate indifference to their constitutional rights.

29. The unlawful entry, excessive use of force, and breach of privacy were the proximate cause of the harm suffered by Plaintiffs, establishing liability under 42 U.S.C. § 1983.

30. At all relevant times, Defendant Police Officers were acting under the authority of the City of West Palm Beach, and within the scope of their employment as law enforcement officers, enforcing state laws and policies.

31. The Defendant Police Officers were dressed in official police uniforms, equipped with department-issued firearms and badges, and their actions during the incident evoked the authority of the West Palm Beach Police Department.

32. Upon forcibly entering Plaintiffs' residence, the Defendant Police Officers, in unison, verbally identified themselves as members of the West Palm Beach Police Department, further affirming their official status and invoking state authority at the time of the incident.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Monell Statement:

33. Policy or Custom: Plaintiffs allege that the West Palm Beach Police Department
    maintains a custom of permitting officers to conduct warrantless searches, failing to
    uphold constitutional standards established under the Fourth Amendment. This policy is
    evidenced by the Department's documented history of unlawful entries and a lack of
    corrective action.

34. Causation: On September 19, 2022, officers unlawfully entered the Plaintiffs' home
    without a warrant, probable cause, or exigent circumstances. The failure of the
    Department to address a known pattern of such unlawful actions indicates a direct link
    between its custom and the constitutional violation.

Implementation and Failure to Train/Supervise:

35. The West Palm Beach Police Department failed to provide adequate training to its
    officers on constitutional rights related to searches and seizures. This deliberate
    indifference to the need for training led officers to believe they could violate citizens'
    rights without facing consequences.

36. The Department's implementation of its policies was insufficient, as there was no
    effective oversight or accountability measures in place. Officers were not trained to
    recognize or respect the necessity of warrants or the standards for probable cause,
    resulting in the belief that such actions were permissible.

Deliberate Indifference:

37. The Department's inaction in the face of previous incidents of unlawful searches reflects
    a pattern of deliberate indifference toward the constitutional rights of residents. This
    failure directly contributed to the unlawful search and seizure, causing significant
    emotional distress and property damage to the Plaintiffs.

Conclusion:

38. . Plaintiffs assert that the West Palm Beach Police Department's policies and customs
    were the moving force behind the violation of their rights, entitling them to relief under
    42 U.S.C. § 1983.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Detention of Harden statement:

39. On September 19, 2022, between 2200 and 0700, Police Defendants, acting under color of state law, unlawfully entered Plaintiffs' home at 803 2nd Street, West Palm Beach, Florida, without a warrant, using a pry bar, despite lacking probable cause, exigent circumstances, or consent, in violation of the Fourth Amendment.

40. After unlawfully entering the residence, Police Defendants applied excessive force to Plaintiff Harden, including the use of pressure points, and detained him without legal justification. Harden was subsequently held in municipal custody for 18 days without lawful basis, causing a significant loss of liberty.

41. The detention of Harden, resulting directly from the Police Defendants' illegal entry and excessive force, caused severe emotional distress and psychological trauma, exacerbated by the prolonged period of confinement, thereby establishing deliberate indifference to Harden's constitutional rights.

State action under the color of state law statement:

42. At all relevant times, Defendant Police Officers were acting under the authority of the City of West Palm Beach, and within the scope of their employment as law enforcement officers, enforcing state laws and policies.

43. The Defendant Police Officers were dressed in official police uniforms, equipped with department-issued firearms and badges, and their actions during the incident evoked the authority of the West Palm Beach Police Department.

44. Upon forcibly entering Plaintiffs' residence, the Defendant Police Officers, in unison, verbally identified themselves as members of the West Palm Beach Police Department, further affirming their official status and invoking state authority at the time of the incident.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Damages' statement:

As a direct result of the Defendants' unlawful actions,
Plaintiffs suffered significant harm, including:

45. Physical Injury: Plaintiff Gregg Harden endured pain from excessive force, including pressure points applied by police, resulting in physical injury and discomfort. Plaintiff Monique Maybell suffered physical harm from improper handcuffing, which caused bruising and pain.

46. Emotional Trauma: Both Plaintiffs suffered severe emotional distress after having firearms pointed at them during the forced entry. Plaintiff Maybell's distress was exacerbated by her previous trauma, including witnessing the murder of her fiancé. As a result, Maybell sought emergency mental health treatment, and ongoing care is required.

47. Loss of Liberty: Plaintiff Gregg Harden was unlawfully detained for 18 days in a municipal facility in Palm Beach County. This wrongful incarceration caused a significant loss of liberty and further compounded his emotional distress and suffering.

48. Financial Losses: The trauma from the police raid and unlawful detention led to a loss of work and diminished earning capacity for Plaintiff Maybell. She was unable to work for an extended period due to the psychological harm suffered during the incident, resulting in financial hardship.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

E.  <u>COUNTS</u> 1 - 4

Claim 1: Fourth Amendment Violation - Unlawful Search and Seizure;
(Facts 12 to 19 specifically support this claim).

Plaintiffs: Monique Maybell and Gregg Harden
Defendants:  CITY OF WEST PALM BEACH;
WEST PALM BEACH POLICE DEPARTMENT;

- Legal Standard: Under the Fourth Amendment, individuals have the right to be free from unreasonable searches and seizures. Law enforcement must obtain a warrant based on probable cause, or demonstrate exigent circumstances to justify a warrantless entry.

- Elements of Claim:
1. Unlawful entry without a warrant.
2. Absence of probable cause or exigent circumstances.
3. Use of excessive force during entry.

- On September 19, 2022, Police Defendants unlawfully entered the plaintiffs' secured home at 803 2nd Street, West Palm Beach, Florida, without a warrant, probable cause, or exigent circumstances, violating the Fourth Amendment right to be free from unreasonable searches and seizures. Despite Plaintiffs' refusal to consent to entry, Defendants forcibly entered the home using a pry bar. During this unlawful entry, the police pointed firearms at Plaintiffs and applied excessive force, leading to physical and emotional harm. These actions were unreasonable and without justification.

- Re-allegation and Incorporation: Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

- Causation:

1. On September 19, 2022, the Police Defendants unlawfully entered the secured home of Plaintiffs Monique Maybell and Gregg Harden without a warrant, demonstrating a clear violation of their Fourth Amendment rights.
2. Despite being aware for approximately five hours that they lacked legal authority to enter the premises and having received multiple refusals for consent from the Plaintiffs, the Police Defendants proceeded to use a pry bar to force entry into the residence.

3. The absence of any exigent circumstances or probable cause further underscores the unlawful nature of the entry. The officers did not identify any threats to their safety, destruction of evidence, or imminent harm to others prior to breaching the door, indicating that the forceful entry was unjustified.

4. During the forced entry, the Police Defendants pointed firearms at both Plaintiffs and applied excessive physical force to Plaintiff Harden by using pressure points and handcuffing Plaintiff Maybell, actions that caused both physical and emotional distress.

5. The actions of the Police Defendants directly caused the Plaintiffs to suffer severe emotional and psychological harm as a result of the unlawful search and seizure, fulfilling the causal link required for a Fourth Amendment violation claim.

- Damages: Plaintiffs suffered emotional distress and fear as a direct result of the unlawful entry into their home.

- $25,000 total for both plaintiffs' physical injuries.
- $1000 for property repairs; i. e. door and and structure thereof;
- $50,000 for emotional distress leading to disruptions in daily life and interactions.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Claim 2: State-Created Danger:

(Facts 20 to 29 specifically support this claim),

Plaintiffs:  Monique Maybell and Gregg Harden

Defendants:  CITY OF WEST PALM BEACH;

WEST PALM BEACH POLICE DEPARTMENT;

- Legal Standard: A state-created danger occurs when state actors create or increase the risk of harm to individuals through their actions or omissions, leading to a violation of the Fourteenth Amendment's Due Process Clause.

- Elements of Claim:
    1. State actors created a danger or increased the risk of harm.
    2. The conduct of the state actors was a proximate cause of the harm suffered.
    3. Plaintiffs were in a vulnerable position.

- Police Defendants created a state-created danger by placing Plaintiffs at a greater risk of harm during the unlawful forced entry into their home. The officers' conduct—including failure to announce their presence, use of excessive force, and the reckless pointing of firearms—escalated the situation, causing significant emotional distress and fear of imminent harm to Plaintiffs.

- Re-allegation and Incorporation: Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

- Causation:

1. The actions of the Police Defendants created a state-created danger by unlawfully entering the secured home of Plaintiffs Maybell and Harden without consent, a warrant, or lawful justification, thereby increasing the risk of harm to the Plaintiffs.

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

2. The conduct of the officers—including their failure to announce their presence, the use of excessive force, and the reckless pointing of firearms—directly escalated the encounter, creating an environment of fear and distress for the Plaintiffs.

3. The Police Defendants' actions placed the Plaintiffs in a vulnerable position, leading to significant emotional distress and fear for their safety, which can be traced directly to the unlawful actions taken by the officers during the forced entry.

4. The Police Defendants' conduct exemplifies deliberate indifference to the constitutional rights of the Plaintiffs, resulting in a clear causal link between the actions of the state actors and the harm suffered by the Plaintiffs.

- Damages: Plaintiff Harden and Maybell experienced physical injury and psychological trauma due to the excessive force used by the police.

- $100,000 for heightened emotional trauma.

- $100,000 for emotional distress as to
Pre-existing trauma from witnessing a violent incident exacerbated.

Claim 3: Failure to Train/Supervise (Monell Claim)

(Facts 30 to 35 specifically support this claim).

Plaintiffs:  Monique Maybell and Greg Harden

Defendants:  CITY OF WEST PALM BEACH;

WEST PALM BEACH POLICE DEPARTMENT;

POLICE OFFICER RYAN HANFORD #2274;

- Legal Standard: A municipality can be liable under § 1983 for constitutional violations resulting from its policy or custom, including a failure to train or supervise that reflects deliberate indifference to the rights of citizens.

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

- Elements of Claim:
  1. The municipality had a policy or custom that caused the violation.
  2. The policy or custom demonstrated deliberate indifference to constitutional rights.
  3. The failure to train or supervise directly resulted in the constitutional violation.

- The City of West Palm Beach, through its Police Department, failed to properly train and supervise its officers on the constitutional standards governing searches, seizures, and the use of force. The policy or custom of the City permitted warrantless entries, excessive use of force, and unlawful seizures, as demonstrated by the incident on September 19, 2022. This failure to train amounted to deliberate indifference to the constitutional rights of citizens, resulting in the unlawful entry, excessive force, and subsequent emotional and physical harm to Plaintiffs.

- Re-allegation and Incorporation: Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

- Causation Statement:

  1. . The City of West Palm Beach, through the West Palm Beach Police Department, failed to implement adequate training and supervision protocols regarding the constitutional standards governing searches and the use of force.

  2. This failure is evidenced by the actions of the Police Defendants during the unlawful entry on September 19, 2022, where they violated established Fourth Amendment principles by entering the Plaintiffs' home without a warrant or exigent circumstances.

  3. The inadequacy of training on lawful searches and the application of force led directly to the incident, as the officers were clearly unprepared to adhere to constitutional requirements, as demonstrated by their decision to forcibly enter without a warrant.

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

4. The lack of proper supervision allowed for an environment where the officers felt empowered to act outside the scope of their legal authority, resulting in the violation of the Plaintiffs' constitutional rights and the subsequent harm experienced.

5. The City's failure to train and supervise its officers, combined with its policies that permit warrantless entries, is the proximate cause of the unlawful actions taken against the Plaintiffs.

Incorporating Officer Ryan Hanford

6. POLICE OFFICER RYAN HANFORD #2274:

7. Officer Ryan Hanford's actions during the unlawful entry on September 19, 2022, at approximately 5:00 AM, at 803 2nd Street, Unit 1, West Palm Beach, Florida 33401, exemplify the consequences of the West Palm Beach Police Department's failure to adequately train and supervise its officers. His decision to participate in the unlawful entry without the necessary warrant or exigent circumstances illustrates how the lack of training directly influenced his conduct. This demonstrates a clear line of causation from the City of West Palm Beach's policies and practices to the specific actions of Officer Hanford.

- Damages: The lack of proper training for police officers resulted in a violation of the Plaintiffs' constitutional rights, leading to emotional and psychological harm.

- $150,000 for failure to train.

- $50,000 for long-term therapy needs.

- $25,000 for additional physical injuries.

Claim 4: Unlawful Detention (Gregg Harden)

(Facts 36 to 38 specifically support this claim).

Plaintiff:  Gregg Harden

Defendants:  CITY OF WEST PALM BEACH;

WEST PALM BEACH POLICE DEPARTMENT;

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

- Legal Standard: Under the Fourth Amendment, individuals cannot be unlawfully detained without proper legal justification, including probable cause or a warrant.

- Elements of Claim:
    1. Unlawful detention without legal justification.
    2. Lack of probable cause or warrant for the detention.
    3. Resulting harm due to loss of liberty.

- Following the unlawful entry, Plaintiff Harden was unlawfully detained for 18 days without proper legal justification, causing a significant loss of liberty. This detention was a direct result of the reckless and unconstitutional actions of Police Defendants, violating Harden's rights under the Fourth Amendment.

- Re-allegation and Incorporation: Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

- Causation:

    1. Following the unlawful entry into the home, Plaintiff Gregg Harden was detained for 18 days without any legal justification, directly resulting from the unconstitutional actions of the Police Defendants.

    2. The detention occurred without the requisite probable cause or a warrant, and was a direct consequence of the Police Defendants' reckless and unlawful behavior during the forced entry.

    3. Harden's detention constituted a significant loss of liberty, which was not supported by any legal basis, as the Police Defendants failed to secure a warrant or establish probable cause during the incident.

    4. The direct and proximate cause of the unlawful detention was the Police Defendants' disregard for constitutional requirements and their failure to follow legal procedures, resulting in a violation of Harden's rights under the Fourth Amendment.

    4. The emotional distress and trauma suffered by Harden during his unlawful detention were exacerbated by the preceding unlawful entry, establishing a

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

clear causative link between the actions of the Police Defendants and the harm suffered.

- Damages: Plaintiff Harden endured a significant loss of liberty, emotional distress, and trauma due to his unlawful detention.

- $100,000 for the loss of liberty of Harden and his right to freedom was unjustifiably restricted for 18 days.

- $75,000 for emotional trauma of Harden experienced stress and mental harm due to prolonged detention.

F.  Summary of Damages:
    (Facts 45 to 48  specifically support this claim).

Claim 1: Fourth Amendment Violation - Unlawful Search and Seizure

- Total Damages: $76,000

Claim 2: State-Created Danger

- Total Damages: $200,000

Claim 3: Failure to Train/Supervise (Monell Claim)

- Total Damages: $225,000

Claim 4: Unlawful Detention (Gregg Harden)

- Total Damages: $175,000

Total Amount of Damages for All Claims

- Total Compensatory and Emotional Distress Damages:
- $76,000 (Claim 1)
- $200,000 (Claim 2)
- $225,000 (Claim 3)
- $175,000 (Claim 4)

Total Overall Damages for All Claims:
$676,000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Conclusion:

The total damages for all claims, including compensatory damages for physical injuries, property damage, emotional distress, and other categories, amount to $676,000. Each claim is fully supported by the factual basis provided, including the Fourth Amendment violation, state-created danger, failure to train, and unlawful detention, all of which contribute to the damages.

G.  Plaintiffs' Claims for Relief

WHEREFORE, Plaintiffs respectfully request the following relief:

- Compensatory Damages:
  Plaintiffs seek compensatory damages exceeding $75,000 per claim, with the total claim amount not less than $150,000 per plaintiff and up to $300,000 collectively, in accordance with Florida Statute § 768.28, to address the physical and emotional harm caused by the Defendants' actions related to:

- Claim 1: Fourth Amendment Violation - Unlawful Search and Seizure):
  Compensatory damages for the emotional and physical trauma incurred due to the unlawful entry and excessive force during the incident.

- Claim 2 (State-Created Danger): Compensatory damages for the heightened risk and emotional distress Plaintiffs experienced as a result of the police officers' reckless actions that created a dangerous situation

- Claim 3 (Failure to Train/Supervise - Monell Claim): Compensatory damages for the systemic failure of the City of West Palm Beach and the Police Department that led to the violation of Plaintiffs' constitutional rights and their resultant suffering.

- Claim 4 (Unlawful Detention): Compensatory damages for Gregg Harden's unlawful detention for 18 days, which caused significant emotional distress and loss of liberty.

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

- Re-allegation and Incorporation: Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

- Jury Trial Demand: Plaintiffs demand a jury trial on all triable issues, including claims under 42 U.S.C. § 1983.

- Injunctive Relief: Plaintiffs seek injunctive relief to prevent further unconstitutional conduct, including violations of the Fourth Amendment, stemming from:

- Claim 1 (Fourth Amendment Violation): Injunctive relief to prohibit future unlawful entries and excessive use of force by police officers.

- Claim 2 (State-Created Danger): Injunctive relief to ensure proper procedures are followed to mitigate the risks created by police actions.

- Claim 3 (Failure to Train/Supervise): Injunctive relief to compel the City of West Palm Beach to implement appropriate training and supervision of police officers to prevent future violations.

- Punitive Damages: Plaintiffs seek punitive damages of $1.5 million, should the case proceed to trial, as a means to punish Defendants for their willful violations of constitutional rights and deter future misconduct related to:

- Claim 1 (Fourth Amendment Violation): Punitive damages for the egregiousness of the unlawful search and seizure.

- Claim 2 (State-Created Danger): Punitive damages for the officers' reckless conduct that endangered the Plaintiffs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

- Claim 3 (Failure to Train/Supervise): Punitive damages reflecting the deliberate indifference of the City and Police Department that contributed to the harm inflicted upon the Plaintiffs.

- Claim 4 (Unlawful Detention): Punitive damages for the unjust and prolonged detention of Gregg Harden without legal justification.

- Attorneys' Fees and Costs: Plaintiffs seek an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, to ensure access to justice and accountability for the Defendants' conduct.

- Additional Relief: Plaintiffs seek any additional relief the Court deems just and proper, such as a Pro bono Attorney.

H.  CERTIFICATE OF SERVICE

I hereby certify that on Friday, September 27, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court in accordance with Federal Rule of Civil Procedure 5, and a copy was served via U.S. Mail, first-class postage prepaid, to:

Kimberly L. Rothenberg
City of West Palm Beach
P.O. Box 3366, West Palm Beach, FL 33402-3366
Telephone: (561) 822-1360
Email: krothenburg@wpb.org
Bar Number: 938971

In addition, a copy of the foregoing document was served via email to the above-listed counsel and mailed to the following parties:

22

Friday, September 27, 2024

Re: Complaint under 42 U.S.C. § 1983

Case No. _____

Clerk of the Court

United States District Court

Southern District of Florida

701 Clematis Street, Room 202

West Palm Beach, FL 33401

Dear Clerk of the Court,

Foremost, enclosed please find the original complaint and
accompanying documents for filing in the matter of

Monique Maybell and Gregg Harden

v..

WEST PALM BEACH POLICE DEPARTMENT;
CITY OF WEST PALM BEACH.

Further, the enclosed documents include:

- Original Complaint

- Civil Cover Sheet

- Summons

- Other documents:

a. WEST PALM BEACH POLICE DEPARTMENT

Standard Operating Procedure I-1

CODE OF CONDUCT AND ETHICS OF POLICE

DEPARTMENT MEMBERS

b. WEST PALM BEACH POLICE DEPARTMENT

Policy III-13

USE OF FORCE/ INJURED PERSON INCIDENT

c. WEST PALM BEACH POLICE DEPARTMENT

Standard Operating Procedure 1-4 UNBIASED POLICING

Furthermore, please note that this filing includes an original document with a wet signature. Moreover, for any correspondence regarding this filing, please contact me at the following:

Here is a formal, legally styled presentation of the information you provided, consolidating both individuals into one section:

Contact Information for Plaintiffs:

Monique Maybell

Street Address: 904 15th Street, West Palm Beach, FL 33401

Telephone Number: (941) 310-9770

Email Address: mmllcservices@gmail.com

Gregg Harden

Street Address: 904 15th Street, West Palm Beach, FL 33401

Telephone Number: (941) 586-8854

Email Address: ummahservices1@gmail.com

Ultimately, thank you for your attention to this matter.

Respectfully submitted,

Signatures

Monique Maybell and Gregg Harden, Plaintiffs.

Enclosures: Original Complaint, Civil Cover Sheet, Summons, [Other Documents]

Civil Action No.:_____

CASE NO: 2022CF007586AMB

AGENCY CASE NO.: 94-50-2022-0014648

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Additional Recipients:

City of West Palm Beach

401 Clematis Street

West Palm Beach, FL 33401

West Palm Beach Police Department

600 Banyan Blvd

West Palm Beach, FL 33401

Respectfully submitted,

Plaintiffs:

Gregg Harden and Monique Maybell

904 15th Street

West Palm Beach, FL 33401

Telephone: (941) 586-8854

Email: ummahservices1@gmail.com

I.   VERIFICATION

We, Monique Maybell and Gregg Harden, plaintiffs, hereby declare under penalty of perjury,
pursuant to 28 U.S.C. § 1746, that the statements and allegations contained in the attached
Complaint, filed in the Federal District Court under 42 U.S.C. § 1983, are true and correct to the
best of our knowledge, information, and belief.

Executed on this 27th day of September, 2024.

_____

Monique Maybell, plaintiff;

Gregg Harden, plaintiff.